UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ) | CASE NO.: 23-53268-PMB |
| JAVAN EARL COHEN, ) | |
| ) | |
| ) | CHAPTER 13 |
| DEBTOR. ) | |
| ) | |
| ) | JUDGE PAUL BAISIER |
| ------------------------------------------------------------ ) | |
| ) | |
| MELISSA J. DAVEY, ) | |
| STANDING CHAPTER 13 TRUSTEE, ) | |
| Movant, ) | |
| ) | |
| v. ) | CONTESTED MATTER |
| ) | |
| JAVAN EARL COHEN, ) | |
| Respondent. ) | |
| ) | |
| ------------------------------------------------------------ ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION &
MOTION TO DISMISS CASE
PURSUANT TO 11 U.S.C. SECTION 109(g)(1)**

Melissa J. Davey, Chapter 13 Trustee, objects to confirmation of the plan and moves to dismiss this case with prejudice pursuant to 11 U.S.C. Sections 105(a), 109(g), 349(a), and 1307(c) for the following reasons:

1. Debtor failed to attend the 11 U.S.C. Section 341 hearing.

2. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

3. The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

4. The Debtor has failed to provide the Trustee with a copy of the 2022 federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i). As

the Debtor has failed to submit the last filed tax return to the Trustee prior to the meeting of creditors, the Trustee requires a sworn statement by the Debtor, in addition to the tax return, that the tax return provided is a true copy of the most recent tax return filed.

5. Pursuant to information received from the Internal Revenue Service, 2022 tax returns have not been provided to the taxing authorities, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

6. The Trustee requests proof that Debtor has paid the post-petition first and second mortgage payments for his residence in order to determine whether the Plan complies with 11 U.S.C. Section 1325(a)(6).

7. The proposed budget reflected in the Debtor's schedules appears to provide insufficient funds for ordinary living expenses and may indicate that the Plan is not feasible. 11 U.S.C. Section 1325(a)(6).

8. Based upon a review of the Debtor's payslip, it appears that the Debtor's net monthly income as reflected on Schedule I may be overstated. The payslip reflects net monthly income of $2,496.00, while Schedule I reflects net monthly income of $3,375.00. The Debtor's Plan and Schedules should be amended accordingly. 11 U.S.C. Section 1325(a)(6).

9. The Chapter 13 plan proposes to pay $5,653.00 to the Debtor's Attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

10. The 2016(b) Disclosure Statement ($5,653.00) and the Chapter 13 Plan ($5,000.00) are inconsistent with regard to attorney's fees in violation of 11 U.S.C. Section 329, Bankruptcy Rules 2016(b) and General Orders 18-2015, 22-2017, and/or 42-2020.

11. Debtor filed his 2021 federal income tax return with a "Single" filing status, although he was married and cohabitating with his spouse. Debtor should amend the return and provide proof he has done so in order to address any additional tax liability.

12. The Chapter 13 Trustee requests Debtor's 2021 federal income tax return and Schedule 3 (to identify the source of the $27,410.00 tax credit for that year), in order to determine whether the Chapter 13 Plan complies with 11 U.S.C. Sections 1325(a)(3), (a) (4), (a)(6) and/or (b)(1)(B).

13. Debtor has filed five (5) previous unsuccessful Chapter 13 case, being case number 22-55298, filed on July 13, 2022 and dismissed prior to confirmation on February

28, 2023; case number 22-51562, filed on February 26, 2022 and dismissed prior to confirmation on July 6, 2022; case number 21-57088, filed on September 22, 2021 and dismissed prior to confirmation on February 3, 2022; case number 21-53434, filed on May 1, 2021 and dismissed prior to confirmation on August 20, 2021; and case number 19-55470, filed on April 5, 2019 and dismissed after confirmation on March 5, 2021. Based on the foregoing, the Chapter 13 Trustee respectfully moves the Court to dismiss the instant case with prejudice, thereby rendering the Debtor ineligible for relief under Title 11 for one hundred eighty (180) days, pursuant to 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), 105(a), 109(g) and 349(a).

Wherefore, the Trustee moves the Honorable Court to inquire into the above objections at the confirmation hearing, deny Confirmation of the Chapter 13 plan, and dismiss the case with prejudice pursuant to 11 U.S.C. Sections 105(a), 109(g), 349(a), and 1307(c), thereby rendering the Debtor ineligible from re-filing another Chapter 13 case for one hundred eighty (180) days.

Dated:  June 06, 2023

/s/Taylor S. Mansell
Taylor S. Mansell
Attorney for the Chapter 13 Trustee
GA Bar No. 940461
233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone:	(678) 510-1444
Facsimile:	(678) 510-1450
mail@13trusteeatlanta.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 23-53268-PMB |
| JAVAN EARL COHEN, | CHAPTER 13 |
| DEBTOR. | JUDGE PAUL BAISIER |
| --------------------- | |
| MELISSA J. DAVEY, STANDING CHAPTER 13 TRUSTEE, Movant, | |
| v. | CONTESTED MATTER |
| JAVAN EARL COHEN, Respondent. | |
| --------------------- | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the June 06, 2023, I electronically filed the foregoing Chapter 13 Chapter 13 Trustee's Objection to Confirmation & Motion to Dismiss Case Pursuant to 11 U.S.C. Section 109(g)(1) with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

DEBTOR:

JAVAN EARL COHEN
124 WOODCREST WAY
MCDONOUGH, GA  30253

Dated: June 06, 2023 /s/Taylor S. Mansell

Taylor S. Mansell
Attorney for the Chapter 13 Trustee
GA Bar No. 940461
 233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone: (678) 510-1444
Facsimile: (678) 510-1450
mail@13trusteeatlanta.com